FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

'08 AUG -1 P 1 :36

KENNETH D. GOLIGHTLEY,

Plaintiff,

v.

RAYTHEON AIRCRAFT CO.,
HAWKER BEECHCRAFT CORP. and
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, DIST. LODGE NO. 70,
AFL-CIO,

Defendants.

CLERK, U.S. DISTRICT COURT
DEPUTY CLERK
AT WICHITA, KS

Case No. 08 – 1239 – WEB - KMH

## COMPLAINT

COMES NOW plaintiff Kenneth D. Golightley, by and though his counsel, and for

his causes of action against defendants Raytheon Aircraft Co., Hawker Beechcraft

Corp. and International Association of Machinists and Aerospace Workers, District

Lodge No. 70, AFL-CIO, alleges and states as follows:

1.    Plaintiff Kenneth D. Golightley is a citizen of the United States and a

resident of Sumner County, Kansas.

2.    Defendant Raytheon Aircraft Co. (hereinafter "Raytheon"), is a corporation

formerly doing business in the state of Kansas. Raytheon Aircraft Co., may be served

with legal process to its registered agent: Wallace W. Wayne, 9709 East Central,

Wichita, Kansas 67206.

3.    Defendant Hawker Beechcraft Corp. (hereinafter "Hawker Beechcraft"), is

a corporation doing business in the state of Kansas. Hawker Beechcraft may be served

with legal process to its registered agent: Gail E. Lehman, 9709 East Central, Wichita, Kansas 67206.

4.     Defendant International Association of Machinists and Aerospace Workers, District Lodge No. 70, AFL-CIO (hereinafter "Machinists' Union"), is a labor union which can be served by and through Steve Rooney, President, International Association of Machinists and Aerospace Workers, District Lodge No. 70, AFL-CIO, 3830 S. Meridian, Wichita, Kansas 67217.

## JURISDICTION AND VENUE

5.     This is an employment case arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.* ("KAAD"), the Labor Management Relations Act, 29 U.S.C. § 185, and Kansas common law.  This Court has subject matter jurisdiction over plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

6.     The unlawful practices and actions alleged below were committed within the state of Kansas, and venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

7.     On July 1, 2008, the EEOC issued to plaintiff a notice of right to sue.

## FACTS

8.     Plaintiff was employed by Raytheon Aircraft Co. (hereinafter "Raytheon"), Hawker Beechcraft's successor in interest, from September 22, 1995 to June 24, 2005.

2

At the time of his voluntary lay-off from employment, plaintiff was employed in sheet metal assembly, Department 419.

9.  Plaintiff suffers from a work-related injury with the following permanent "lifting" restrictions:

| Occasional | (1-33%) | 50 lbs. |
| Frequent | (34-66%) | 25 lbs. |
| Constant | (67-100%) | 10 lbs. |

10.  On May 20, 1996, plaintiff was injured on-the-job and, over the course of ten years, worked for Raytheon with restrictions more severe than those stated above.

11.  On June 24, 2005, during a reduction-in-force at Raytheon, plaintiff accepted a voluntary lay-off and was classified as "recommended for rehire - yes."

12.  On August 15, 2005, plaintiff underwent back surgery for his work-related injury.

13.  On May 11, 2006, plaintiff was released by a physician to return to work with the above-stated restrictions and, since that date, plaintiff has applied for several vacant positions to perform work on jobs for which he is / was fully qualified and capable of performing with his work restrictions. Raytheon was provided a copy of plaintiff's release to return to work.

14.  On or about March 26, 2007, Hawker Beechcraft became the successor in interest from Raytheon. Hawker Beechcraft assumed Raytheon's obligations under a collective bargaining agreement with the Machinists' Union.

15.  Plaintiff has notified the Staffing Offices of Raytheon Aircraft Co. and Hawker Beechcraft, in writing, that he wanted to be returned to the active recall list, in accordance with the terms of Raytheon's lay-off policies and the collective bargaining

3

agreement. Wanda Rayhl, the Workforce Placement Manager for both Raytheon

Hawker Beechcraft, has refused to permit plaintiff to return to work at any position.

16.     Raytheon and Hawker Beechcraft regarded plaintiff as disabled by

refusing to recall him from lay-off to perform work on jobs for which he is / was fully

qualified and capable of performing with his work restrictions.

17.     Raytheon and Hawker Beechcraft recalled other employees from lay-off,

who were junior to plaintiff in seniority, and hired new employees to perform work on

jobs for which plaintiff is / was fully qualified and capable of performing with his  work

restrictions.

18.     After making numerous contacts with Raytheon and Hawker Beechcraft

about being recalled to a variety of positions, after making application for vacant

positions known to him and after having discussions with Wanda Rayhl and other

placement personnel, plaintiff contacted a shop steward for the Machinists' Union for

assistance without results.

19.     On November 26, 2007, plaintiff requested, in writing, that the Machinists'

Union to file a grievance.

20.     Hawker Beechcraft denied plaintiff's grievance contending that plaintiff

was unable to perform the essential functions of the job.

21.     The Machinists' Union has taken no further action on plaintiff's grievance.

## CAUSES OF ACTION

### 1. ADA AND KAAD DISCRIMINATION

22.     Plaintiff incorporates paragraphs 1 through 21 of this complaint.

4

23.     Raytheon and Hawker Beechcraft have unlawfully discriminated against plaintiff and Hawker Beechcraft continues to discriminate against plaintiff by perceiving him as having an impairment that precludes / precluded or substantially restricts / restricted work in a class of jobs or broad range of jobs.

24.     Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

WHEREFORE, plaintiff prays for judgment against defendants Raytheon and Hawker Beechcraft, jointly and severally, for actual damages in an amount of $100,000.00, for compensatory and punitive damages in an amount of $300,000.00; for injunctive relief; for costs and for such other and further relief as the Court deems proper.

## 2. RETALIATORY DISCHARGE

25.     Plaintiff incorporates by reference paragraphs 1 through 24 of this Petition.

26.     Defendant Hawker Beechcraft has refused and continues to refuse to recall plaintiff for employment in retaliation for having made a worker's compensation claim or for having suffered an on-the-job injury.

27.     As a result thereof, plaintiff has suffered economic and noneconomic damages.

5

WHEREFORE, plaintiff prays for judgment against defendants Raytheon and Hawker Beechcraft, jointly and severally, for actual and compensatory damages in an amount of $500,000.00, for punitive damages in an amount of $1,000,000.00; for injunctive relief; for costs and for such other and further relief as the Court deems proper.

### 3. BREACH OF CONTRACT

28.    Plaintiff incorporates paragraphs 1 through 27 of this complaint.

29.    Defendants Raytheon and Hawker Beechcraft have refused and Hawker Beechcraft continues to refuse to recall plaintiff for employment contrary to the union contract.

WHEREFORE, plaintiff prays for judgment against defendant Hawker Beechcraft for an award of damages for back pay in an undetermined amount, injunctive relief or front pay in an undetermined amount; and such other and further relief the Court deems just and proper.

### 4. BREACH OF A DUTY OF FAIR REPRESENTATION

30.    Plaintiff incorporates paragraphs 1 through 29 of this complaint.

31.    Defendant Machinists' Union had a duty to fairly represent plaintiff by virtue of a collective bargaining agreement.

33.    Defendant Machinists' Union breached said duty by failing to properly pursue a grievance on plaintiff's behalf regarding plaintiff's discharge from employment.

WHEREFORE, plaintiff prays for judgment against defendant Machinists' Union for actual and compensatory damages in the amount of $500,000.00, punitive damages

6

in an amount in the amount of $1,000,000.00; for injunctive relief; for costs and for such other and further relief as the Court deems proper.

Respectfully submitted,

AYESH LAW OFFICES

By: _____
Mark G. Ayesh, #10175
Ray E. Simmons, #12296
8100 East 22nd Street North
Building 2300, Suite 2
P. O. Box 781750
Wichita, KS  67278-1750
Telephone:  316-682-7381
E-Mail: mayesh@ayesh.kscoxmail.com
        rsimmons@ayesh.kscoxmail.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

## DESIGNATION OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.

By: _____
Mark G. Ayesh, #10175
Ray E. Simmons, #12296

7